**Carla McVARISH, Appellant,**

v.

**NEW HORIZONS COMMUNITY COUNSELING AND MENTAL HEALTH SERVICES, INC., a non-profit corporation; and Robert E. Kogan, Executive Director, Appellees.**

No. 84254.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 5, 1995.

Sherman A. Reed, Oklahoma City, for Appellant.

Jill C. Weedon and Patrick T. Cornell, Cornell & Tisdal, Clinton, for Appellees.

REIF, Judge.

Plaintiff, Carla McVarish, appeals the declaratory judgment holding that defendant,

New Horizons Community Counseling and Mental Health Services, Inc., could charge both a copy fee and a search fee in responding to her request for copies of records under the Open Records Act. 51 O.S.1991 and Supp.1994 §§ 24A.1 through 24A.22. Plaintiff's request encompassed some 4,300 documents which New Horizons estimates will take three employees a week to compile. The trial judge's ruling from the bench discloses that he was impressed with the fact "that a substantial number or a substantial portion of the records the plaintiff desires copying would require redaction of or some other form of excising confidential matters." He ultimately concluded that regardless of "whether or not there's any public purpose or whether it's a matter of a private vendetta . . . I think what the legislature was perhaps trying to say was if there's going to be some sort of substantial disruption of business of the public agency then a fee is not improper." Plaintiff takes the position that, disruption or not, a "public interest" request by a taxpayer "seeking to determine whether those entrusted with the affairs of government are honestly, faithfully, and competently performing their duties" is absolutely exempt from the search fee under section 24A.5(3) of the Act.

The supreme court has considered and rejected a similar argument in *Merrill v. Oklahoma Tax Commission,* 831 P.2d 634, 641 (Okla.1992). Among the issues presented in *Merrill* was the plaintiff's *"media specific"* demand for public records on microfilm and a computer readable medium. The supreme court noted that "[t]o comply with [plaintiff's] request, the [Commission] would have to divert staff from their regular jobs." *Id.* at 642. Both the trial court and supreme court concluded that this "would cause 'excessive disruption of the public body's essen-

tial functions' " and justify the Commission's requested fee which included labor and administrative costs. *Id.* (footnote omitted). The supreme court upheld the imposition of the fee notwithstanding plaintiff's claim that there was *uncontroverted* evidence he sought the information "to conduct an independent audit of the Commission to detect any wrongdoing." *Id.* In the final analysis, the supreme court held that a trial court's rulings on a records request and the charging of a fee should not be disturbed unless clearly contrary to the weight of the evidence.

Under *Merrill,* the issue of whether a records request is in the "public interest" does not turn on the bare allegation and mere say-so of the requesting party, but is a question to be determined in light of the circumstances of the case. Given the comments made from the bench and the decision to allow New Horizons to charge a search fee, the trial court necessarily rejected plaintiff's "public interest" claim, and we cannot say that this conclusion was "clearly contrary to the weight of the evidence." We observe that the public interest is as equally well served by public agencies performing their essential services without burdensome, disruptive records requests as in providing release of information to taxpayers.

Accordingly, the judgment is AFFIRMED.

TAYLOR, P.J., and BOUDREAU, J., concur.